IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DEAN REEVES,<br><br>Petitioner,<br><br>vs.<br><br>DOUGLAS FENDER, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | CV 16-37-H-DLC-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This case comes before the Court on Petitioner Dean Reeves's application for writ of habeas corpus under 28 U.S.C. § 2254. Reeves is a state prisoner proceeding pro se.

**I.     Background/Claims**

Reeves challenges a decision made by the Montana Board of Pardons and Parole on September 21, 2015, denying him parole. (Doc. 1 at 2.) Reeves contends that this denial was in error, because it was based, in part, on an inaccurate criminal history. Reeves asks this Court to order a new parole hearing "with the correct criminal history." *Id*. at 6.

Following Reeves's September hearing, he sent a request to Shannon Mahoney, Parole Board Analyst, inquiring how he could present documents supporting what Reeves contended was his actual criminal history to the Parole

1

Board and appeal the September decision. (Doc. 1-2 at 1.) Ms. Mahoney told him what steps he would need to take to present his case for reconsideration. *Id*. Pursuant to Mahoney's direction, Reeves submitted an appeal to the Chairman of the Parole Board, with supporting documentation. *Id*. at 2-7. Apparently, the Board interpreted Reeves's appeal as a disagreement over the contents of his Pre-Sentence Investigation Report and advised him that there was no corresponding action the Board could take. *Id*. at 8. Reeves responded by explaining that he believed he had met the requirements of Administrative Rule 20.25.501 by providing credible evidence that tended to undermine the Board's denial and, accordingly, was entitled to a new hearing. *Id*. at 9-10. The Board did ultimately review Reeves's appeal and determined by a unanimous vote that there was insufficient cause to grant early review and upheld the September 2015 denial. *Id*. at 11. Subsequently, Reeves made another request for reconsideration. *Id*. at 12-14. Reeves also attempted to motion the district court to modify his original Presentence Investigation Report. *Id*. at 15-18. The court denied Reeves's request. *Id*. at 19-20. It appears that no further action was taken by the Parole Board.

A review of the Final Dispositions of the Montana Board of Probation and Parole reveals that in September of 2015, Reeves appeared before the Parole Board and was denied parole.[1] Reeves was advised that he would need to obtain chemical

---

[1] *See* http://bopp.mt.gov/FinalDispositions/2015FinalDispositions, September 2015 (accessed July 27, 2016).

dependency treatment and that he would not be considered for early release.

**II. Analysis**

A federal court, in conducting habeas review, is limited to deciding whether a state court decision violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011) (per curiam). It appears that Mr. Reeves attempts to advance a due process claim.

The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that a state shall not "deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. Amend. XIV, § 1. Thus, to state a due process violation an individual must establish the existence of a constitutionally recognized liberty interest that is protected by the Due Process Clause and must demonstrate the procedures afforded the individual for the protection of the liberty interest were constitutionally deficient. *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). "Protected liberty interests may arise from two sources—the Due Process Clause itself and the laws of the States." *Id*. (quotation and citation omitted). *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (stating that a protected liberty interest could "arise from the Constitution itself, […or] from an expectation or interest created by state laws or policies.").

It is well established that there exists no substantive federal right to release

on parole, and "the only federal right at issue" in the context of habeas claims regarding parole hearings is a procedural right. *Swarthout*, 562 U.S. at 222. With respect to parole hearings, an inmate is constitutionally entitled only to an opportunity to be heard and a statement of reasons why parole was denied. *Swarthout*, 562 U.S. at 220. Likewise, in Montana there is no state-created liberty interest in parole. *Worden v. Mont. Bd. of Pardons & Parole*, 962 P. 2d 1157, 1165 (Mont. 1998) (holding that when the Legislature amended the statute in 1989, it eliminated any liberty interest in parole); *see also* Mont. Code Ann. § 46-23-208(1) (providing the parole board *may* release a prisoner on parole when certain criteria are met). Thus, there is neither a constitutional right nor a protected liberty interest at issue in the instant case.

While Mr. Reeves disagrees with the Parole Board's decision to deny him release on parole, he does not advance a claim that he was deprived of anything to which he was entitled. He appeared before the Parole Board in September of 2015. He was able to appeal the denial and have the matter reconsidered. The fact that he received an outcome that was not favorable to him does not convert this matter into one of constitutional import. While it appears that Reeves attempts to argue that the denial was solely based upon an incorrect criminal history, the Parole Board's recommendation that he complete additional chemical dependency counseling prior to his reappearance in September 2016 belies this assertion. Mr. Reeves

received the minimal procedural protection required; that is the "beginning and the end of federal habeas" analysis. *Swarthout*, 562 U.S. at 220. Accordingly, Mr. Reeves's petition should be denied.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A certificate of appealability should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C.. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Review of Mr. Reeves's petition demonstrates that he is not entitled to relief as a matter of law. He does not have a liberty interest in parole and the relief he seeks is precluded by *Swarthout*. There are no close questions, and there is no reason to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the undersigned enters the following:

## RECOMMENDATIONS

1. Mr. Reeves's petition (Doc. 1) should be DENIED for lack of merit.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Reeves may object to this Findings and Recommendation within 14 days.[2] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Reeves must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 15th day of July, 2016.

/s/ John Johnston
John Johnston
United States Magistrate Judge

---

[2] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.